IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARCUS McFARLAND                                                PETITIONER

VS.                                                 CIVIL ACTION NO. 2:21-cv-117-TBM-FKB

LYNN FITCH, ET AL.                                          RESPONDENTS

**REPORT AND RECOMMENDATION**

Before the Court is the petition for habeas corpus relief, filed by Marcus McFarland pursuant to 28 U.S.C. § 2254, with aid of counsel. *See* [1]. Respondents have filed a Motion to Dismiss [6] pursuant to 28 U.S.C. § 2244(d). McFarland filed a Response [8], to which Respondents have filed a Reply [9]. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

I.     FACTS AND PROCEDURAL HISTORY

In his petition, McFarland challenges his conviction of the state crime of trafficking cocaine following a jury trial in the Circuit Court of Clarke County, Mississippi. [1] at 1; [6-2] at 1 (listed as a violation of "Mississippi Code Annotated Section 41-29-139(f)(c)"). The Circuit Court sentenced McFarland to a term of twenty (20) years in the custody of the Mississippi Department of Corrections ("MDOC") and specified that he would not be eligible for parole or probation during the first ten (10) years of his sentence. [6-3] at 1 (citing Miss. Code Ann. § 41-29-139(f)(1)).

With the aid of counsel, McFarland appealed his conviction and sentence, which were affirmed by the Mississippi Court of Appeals on June 2, 2020. *See McFarland v. State*, No. 2019-KA-00176-COA, 297 So. 3d 1110 (Miss. Ct. App. 2020). McFarland did not seek rehearing in the Mississippi Court of Appeals.

On June 18, 2021, with aid of counsel, McFarland filed an Application for Leave to Proceed on filing Petition for Postconviction Collateral Relief in the Trial Court, Cause No. 2021-M-671. [7-9] at 5. In his Application, McFarland raised ineffective assistance of counsel claims and challenged the MDOC's implementation of his sentencing order. *Id.* at 12-13. On September 8, 2021, the Mississippi Supreme Court entered an order denying the application in part and dismissing it in part without prejudice. [6-5].[1]

Through counsel, McFarland filed his petition for habeas corpus relief in this Court on September 10, 2021. *See* [1], [2]. Petitioner raises claims of ineffective assistance of counsel and challenges the calculation of his sentence. [1] at 5, 7. The State responded with its Motion to Dismiss [9], arguing that the petition is untimely. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

II.     DISCUSSION

The State asserts that McFarland's petition is untimely under 28 U.S.C. § 2244(d). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] In its Order, the Mississippi Supreme Court denied McFarland's ineffective assistance of counsel claims. [6-5]. However, it dismissed his sentencing calculation claim without prejudice, finding that it was "appropriate for consideration through the MDOC's administrative remedies program." *Id.*

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

    The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly-filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 199 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

    According to the State, McFarland's petition is untimely filed. The State asserts that McFarland's conviction and sentence became final on June 16, 2020, fourteen days after the Mississippi Court of Appeals affirmed his conviction and sentence. *See* Miss. R. App. P. 40(a)("[A] motion for rehearing may be filed within 14 days after a decision is handed down on

3

the merits of a case by the Supreme Court or the Court of Appeals."). Therefore, the State argues that under § 2244(d)(1), and without the benefit of tolling pursuant to § 2244(d)(2), McFarland's habeas petition was due in this Court by June 16, 2021.

McFarland asserts, however, that his conviction became final on June 23, 2020, when the final mandate of the Mississippi Court of Appeals issued on his direct appeal. [8] at 1; [8-1] (mandate). Thus, he argues that the AEDPA's one-year statute of limitations was set to expire on June 23, 2021. However, he posits that it was tolled on June 18, 2021, when he filed his motion for post-conviction relief before the Mississippi Supreme Court. Therefore, he argues that his petition for habeas corpus relief is timely, as it was filed by counsel in this Court on September 10, 2021, two days after the Mississippi Supreme Court ruled on his motion for post-conviction relief.

After a review of the relevant case and statutory law, the undersigned finds that the State is correct. The question of when, under the AEDPA, a state court judgment becomes "final," as it relates to filing a federal petition for habeas corpus relief, is well-settled in the Fifth Circuit. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Under § 2244(d)(1)(A), "the limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Federal courts do not "look to state law to determine when a state conviction becomes final for the purposes of § 2244(d)(1)(A)." *Id.* at 694. "If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'" *Id.* (quoting § 2244(d)(1)(A)). Put another way, if the defendant stops the appeal process before reaching the

4

state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.*

In this case, McFarland's conviction and sentence became final under § 2244(d)(1)(A) on June 16, 2020, fourteen days after the Mississippi Court of Appeals affirmed his conviction and sentence. *See* Miss. R. App. P. 40(a). Accordingly, and without the benefit of tolling pursuant to § 2244(d)(2), McFarland had until June 16, 2021, to file his federal habeas petition in this Court. Instead, McFarland filed his petition in this Court on September 10, 2021, at least eighty-six (86) days after the expiration of the federal statute of limitations. *See* [1], [2]. His state motion for post-conviction relief, filed on June 18, 2021, had no impact on the already-expired federal statute of limitations. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitations period cannot be revived by filing a state habeas petition).

McFarland's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way). Furthermore, "[a]ttorney miscalculation [of a limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007).

Accordingly, the undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadline and, therefore, recommends that the petition be

5

dismissed as untimely filed. Because the undersigned recommends that the petition be dismissed, the undersigned also recommends that Petitioner's request for an evidentiary hearing be denied.

III. CONCLUSION

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the Motion to Dismiss [6] be granted and that this case be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 6th day of July, 2022.

/s/ F. Keith Ball                              .
UNITED STATES MAGISTRATE JUDGE