# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**MARCUS MCFARLAND**                                          **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 2:21-cv-117-TBM-FKB**

**LYNN FITCH; NATHAN CAIN;**
***and* DEREK MINGO**                                          **RESPONDENTS**

### <u>MEMORANDUM OPINION AND ORDER</u>

The Petitioner, Marcus McFarland, filed his Petition [1] for Writ of Habeas Corpus under 28 U.S.C. §2254 and raises the following two grounds for relief: (1) ineffective assistance of counsel and (2) a challenge to the calculation of his sentence regarding parole eligibility. [1]. Before the Court is McFarland's Partial Objection [11] to Magistrate Judge F. Keith Ball's Report and Recommendation [10]. Magistrate Judge Ball recommends that this matter be dismissed as untimely. [10], pg. 6. In his Partial Objection [11], McFarland asks "that the Report be clarified to say the dismissal of the federal habeas petition is without prejudice to, or otherwise does not affect, [his] ability to pursue his parole-eligibility and sentencing-calculation claims in state court (claims which are currently pending on appeal before the Mississippi Supreme Court)." [11], pg. 2. The Court finds the Report and Recommendation should be adopted in part and denied in part, with this matter referred to the Magistrate Judge for further proceedings consistent with this Opinion.

### I. PROCEDURAL HISTORY

McFarland was convicted and sentenced to a term of twenty (20) years in the custody of the Mississippi Department of Corrections for trafficking cocaine in October 2018 in the Circuit Court of Clarke County, Mississippi. McFarland appealed his conviction and sentence, and the Mississippi Court of Appeals affirmed his conviction and sentence on June 2, 2020. *See McFarland*

*v. State*, No. 2019-KA-00176-COA, 297 So. 3d 1110 (Miss. Ct. App. 2020). McFarland did not seek rehearing on these issues in the Mississippi Supreme Court finalizing his conviction.

McFarland, with aid of counsel, filed an Application to the Mississippi Supreme Court for Leave to file a Petition for Postconviction Collateral Relief in the Trial Court on June 18, 2021. The Mississippi Supreme Court denied the Petition in part and dismissed in part, dismissing his sentencing-calculation claim without prejudice. *See McFarland v. State*, No. 2021-M-00671-COA (Miss. 2021). The Mississippi Supreme Court found that McFarland's sentencing-calculation claim was "appropriate for consideration through the [Mississippi Department of Corrections] administrative remedies program." [6-5]. But denied his ineffective assistance of counsel claim with prejudice. [6-5].

In the instant Petition for federal habeas relief filed on September 10, 2021, he raises two grounds for relief: (1) ineffective assistance of counsel and (2) a challenge to the calculation of his sentence regarding parole eligibility. [1]. The Respondents filed their Motion to Dismiss [6] McFarland's Petition as untimely or, in the alternative, for failure to exhaust his state court remedies or to order McFarland to amend his Petition to delete his unexhausted claim in Ground Two. [6], pg. 23. In his Response in Opposition to the Respondents' Motion to Dismiss [8], McFarland argues that his claims were timely and alternatively requests that his Petition be stayed to fully exhaust his "sentencing issue." [8], pg. 3.

In considering his argument, the Magistrate Judge determined in his Report and Recommendation that McFarland's Petition was untimely. [10]. It was not until his Objections to the Report and Recommendation that McFarland and Respondents clarified that his parole eligibility claim is pending before the Mississippi Supreme Court. [11]; [12]; [13]. It also became

clear that there is a question as to whether this Petition should be dismissed with or without prejudice. [11]; [12]; [13].

After filing his Petition [1] in this Court, McFarland submitted a grievance to the Mississippi Department of Corrections Administrative Remedy Program. [6-6]. McFarland also filed a petition to correct parole eligibility in the Clarke County Circuit Court on September 30, 2021. [8-2], pps. 1–5. On November 2, 2021, the Clarke County Circuit Court denied the petition. [11-2], pg. 29. McFarland appealed the dismissal of his petition to correct parole eligibility with the Mississippi Supreme Court, Cause No. 2021-CA-01311-COA. [11-1]; [11-3]. That petition is currently before the Mississippi Court of Appeals.

McFarland requests the Court amend the Report and Recommendation's dismissal "to be without prejudice as to the sentencing-calculation and parole-eligibility aspect of his claim." [11], pps. 1–2. McFarland asks that the Court "clarify that such a dismissal does not prevent him from pursuing his parole-eligibility and sentencing-calculation claims in state court." [13], pg. 2.

## II. STANDARD OF REVIEW

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 47 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421

(5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id.* When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## III. ANALYSIS AND DISCUSSION

In the instant federal habeas Petition, McFarland raises the following two grounds for relief: (1) ineffective assistance of counsel and (2) a challenge to the calculation of his sentence regarding parole eligibility. [1]. McFarland refers to his second ground of relief as both a "parole-eligibility and sentencing-calculation claim," however, they are essentially one and the same. McFarland's sentencing-calculation claim requests that he be eligible for parole after ten years although he alleges that the Mississippi Department of Corrections calculates his sentence to be a mandatory twenty (20) year sentence where he is not eligible for parole. [11], pg. 1; [11-1], pps. 3, 9. The Magistrate Judge recommended that the habeas Petition should be dismissed as untimely with prejudice. [10]. In his Partial Objection, McFarland contends that his Petition should be dismissed without prejudice as to his sentencing-calculation claim for parole eligibility so he can pursue this claim in state court. [11]. However, McFarland does not object that his first ground of relief is untimely and fully exhausted.

### A. Ineffective Assistance of Counsel

McFarland does not object to the dismissal of his ineffective assistance of counsel claim. Having considered the portion of the Report and Recommendation concerning McFarland's ineffective assistance of counsel claim, the Court finds it is neither clearly erroneous nor contrary

4

to law. There is no plain error in this portion of the Report and Recommendation. Accordingly, the Court adopts the Report and Recommendation as to McFarland's ineffective assistance of counsel claim and finds that it should be dismissed with prejudice.

### B. Sentencing-Calculation Claim

McFarland requests the Court to make a "specific finding" as to whether his sentencing-calculation claim is dismissed with or without prejudice. [11], pg. 2. Respondents request that the Court dismiss the sentencing-calculation claim as untimely with prejudice or, in the alternative, "dismiss the petition without prejudice for failure to exhaust state court remedies, or; in the alternative, order [McFarland] to amend his petition to delete his unexhausted claims" challenging "the Mississippi Department of Corrections' (MDOC) interpretation of his sentencing order and his eligibility for parole after the first ten years of his twenty-year sentence." [12], pg. 2. Additionally, Respondents raise concerns as to whether McFarland's sentencing-calculation claim fails to state a claim upon which federal habeas relief can be granted. [12], pg. 7.

McFarland concedes that his sentencing-calculation claim is unexhausted as it is still before the Mississippi Supreme Court. [11]. Therefore, this federal habeas Petition is a "mixed" petition, presenting both exhausted and unexhausted claims to this Court. *See Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Lundy*, 455 U.S. at 519–520, 102 S. Ct. 1198). The doctrine of exhaustion requires McFarland to present his claims to the Mississippi Supreme Court. *Johnson*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S.270, 275–78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)).

The Supreme Court held that "[t]his exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). "A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) (quoting 28 U.S.C. § 2254(b)(1)(A)).

When the Supreme Court decided *Lundy*, "there was no statute of limitations on the filing of federal habeas corpus petitions." *Rhines v. Weber*, 544 U.S. 269, 274, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). However, the enactment of the Antiterrorism and Effective Death Penalty Act "preserved *Lundy's* total exhaustion requirement, *see* 28 U.S.C. § 2254(b)(1)(A) ('An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State'), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d)." *Id.*

Therefore, federal courts have the authority to stay a habeas petition and hold it in abeyance while a petitioner exhausts his claims in state court. *See Rhines,* 544 U.S. at 277. The Supreme Court cautioned "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Id.*

As McFarland "is currently in the process of exhausting his state-court remedies on his sentencing-calculation claim," stay and abeyance could be appropriate. *Id.* Additionally, the Court may grant a petitioner leave to "amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Lundy*, 455 U.S. at 520. Although the

Magistrate Judge has entered a thorough opinion, in light of McFarland's Objections and the issue as to dismissal with or without prejudice has not been fully developed before the Magistrate Judge, the Court must reject the ultimate conclusion of the Report and Recommendation that McFarland's challenge to the calculation of his sentence regarding parole eligibility be dismissed with prejudice at this time. Based on the current record and legal authorities presented, it is further unclear to the Court whether McFarland's sentencing-calculation claim as to parole eligibility will be procedurally barred as to timeliness or for failure to state a claim and whether tolling may be appropriate for the ongoing sentencing-calculation claim before the state court.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [10] entered by United States Magistrate Judge Keith Ball on July 6, 2022, is ADOPTED IN PART as to the ineffective assistance of counsel claim.

IT IS FURTHER ORDERED that the Court finds that McFarland's ineffective assistance of counsel claim should be DENIED and DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Report and Recommendation is DENIED as to the sentencing-calculation claim in light of the new evidence presented in the Objections [11] to the Report and Recommendation. This matter is referred to the Magistrate Judge for further proceedings and to determine whether:

(1) the sentencing-calculation claim should be dismissed without prejudice;

(2) McFarland's unexhausted sentencing-calculation claim should be deleted from his Petition;

7

(3) this matter should be stayed pursuant to *Rhines* to allow McFarland to exhaust in state court; or

(4) the entirety of the Petition should be dismissed with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss [6] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that this matter is referred to the Magistrate Judge for further proceedings consistent with this Order.

SO ORDERED, this the 30th day of September, 2022.

                                            TAYLOR B. McNEEL
                                            UNITED STATES DISTRICT JUDGE