IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARCUS McFARLAND                                                                           PETITIONER

VS.                                                            CIVIL ACTION NO. 2:21-cv-117-TBM-FKB

LYNN FITCH, ET AL.                                                                        RESPONDENTS

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Memorandum Opinion and Order [14] referring the case to the undersigned for further proceedings. Having considered the supplemental briefing ordered by the Court, *see* [15], [16], [17], as well as Respondent's Supplement [18], the undersigned recommends that the petition be dismissed with prejudice.

I.      FACTS AND PROCEDURAL HISTORY

As summarized in the previous Report and Recommendation ("R&R") [10], McFarland challenges his conviction of the state crime of trafficking cocaine, following a jury trial in the Circuit Court of Clarke County, Mississippi. [1] at 1; [6-2] at 1. The Circuit Court sentenced McFarland to a term of twenty (20) years in the custody of the Mississippi Department of Corrections ("MDOC") and specified that he would not be eligible for parole or probation during the first ten (10) years of his sentence. [6-3] at 1.

On appeal, with the aid of counsel, the Mississippi Court of Appeals affirmed his conviction and sentence on June 2, 2020. *See McFarland v. State*, No. 2019-KA-00176-COA, 297 So. 3d 1110 (Miss. Ct. App. 2020). McFarland did not seek rehearing in the Mississippi Court of Appeals.

On June 18, 2021, with the aid of counsel, McFarland filed for collateral relief before the Mississippi Supreme Court, where he raised ineffective assistance of counsel claims and

challenged the MDOC's implementation of his sentencing order. [7-9] at 12-13. On September 8, 2021, the Mississippi Supreme Court entered an order denying the application in part and dismissing it in part without prejudice. [6-5]. In its Order, the Mississippi Supreme Court denied McFarland's ineffective assistance of counsel claims. *Id.* However, it dismissed his sentencing calculation claim without prejudice, finding that it was "appropriate for consideration through the MDOC's administrative remedies program." *Id.*

Through counsel, McFarland filed his petition for habeas corpus relief in this Court on September 10, 2021. *See* [1], [2]. Petitioner raised claims of ineffective assistance of counsel and challenged the calculation of his sentence. [1] at 5, 7. The State responded with a Motion to Dismiss [6], arguing that the petition is untimely.

The undersigned entered an R&R [10] recommending that McFarland's petition be dismissed with prejudice as untimely filed. The undersigned reasoned that McFarland's conviction and sentence became final on June 16, 2020, and, therefore, his petition was due in this Court, without benefit of tolling, by June 16, 2021. *See* 28 U.S.C. § 2244(d); Miss. R. App. P. 40(a). The undersigned also concluded that McFarland's petition did not warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007)(finding that attorney miscalculation of limitations period does not warrant equitable tolling); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(requiring diligent pursuit of rights and extraordinary circumstances for equitable tolling to apply). Accordingly, the undersigned recommended that the petition be dismissed with prejudice.

Petitioner filed a Partial Objection [11] to the R&R, asking that the R&R be amended to dismiss without prejudice the sentencing-calculation and parole-eligibility aspect of his claim.

2

[11] at 1-2. He further argued that because parole-eligibility claims are not subject to statute of limitations under state law, "neither should the procedural bars of the federal habeas Act preclude McFarland from pursuing his parole-eligibility claim in state court." *Id.* at 2. He also informed the Court that he was currently pursuing his parole-eligibility claims in state court. *Id.*

The State opposed the Partial Objection, arguing again that the petition should be dismissed with prejudice because it was untimely. [12] at 6-7. Furthermore, the State argued that McFarland's challenge to the MDOC's calculation of his parole eligibility fails to state a claim upon which federal relief can be granted. *Id.* at 9 (citing *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014)). Finally, the State asserted that any dismissal of McFarland's parole-eligibility claim as untimely in this forum would have no impact on his active pursuit of his state parole-eligibility claims in state court. [12] at 9-10.

In its Order on the Partial Objection, the District Court observed that Petitioner did not object to the dismissal of his ineffective assistance of counsel claim. [14] at 4-5. Therefore, it adopted the R&R as to the ineffective assistance of counsel claim and dismissed that claim with prejudice. *Id.* at 7. However, as to McFarland's parole eligibility and sentencing calculation claim that was still pending before the Mississippi Supreme Court, the District Court viewed McFarland's petition as "mixed," presenting both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1983). Accordingly, the District Court declined to adopt the R&R and referred the matter to the undersigned for further proceedings to determine whether:

1. the sentencing-calculation claim should be dismissed without prejudice;

2. McFarland's unexhausted sentencing-calculation claim should be deleted from his petition;

3. this matter should be stayed pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to allow McFarland to exhaust in state court; or

    4.  the entirety of the petition should be dismissed with prejudice.

[14] at 7-8.  As directed by the District Court's Order, the parties have filed supplemental briefs responding to the foregoing inquiries.  *See* [15], [16], [17], and [18].

    II.      DISCUSSION

The undersigned has considered the supplemental filings and reaches the same conclusion as previously found in the R&R [10]:  McFarland's federal habeas petition is untimely, and, pursuant to 28 U.S.C. § 2244(d), it should be dismissed in its entirety with prejudice.

Had Petitioner filed his state post-conviction challenge to his parole eligibility and sentencing calculation claim *before* his federal statute of limitations expired on June 16, 2021, his federal statute of limitations could have been tolled while his application for state collateral review was pending.  *See* 28 U.S.C. § 2244(d)(2).  However, McFarland did not.  Instead, on June 18, 2021, he filed his application for post-conviction relief, which the Mississippi Supreme denied on September 8, 2021.  *See* [6-5].  He followed that denial by filing this action on September 10, 2021. [1].  Only *after* he filed this action did he begin pursuing relief on his sentencing calculation claim with the Administrative Remedies Program by filing a grievance on September 29, 2021, as recommended by the Mississippi Supreme Court.  *See* [6-6].  While this habeas petition has been pending, McFarland has pursued state remedies, culminating in a decision by the Mississippi Court of Appeals finding that he is not eligible for parole. *McFarland v. State*, No. 2021-CA-01311-COA, 2023 WL 1982449 (Miss. Ct. App. Feb. 14, 2023), *reh'g denied*, (Aug. 22, 2023), *cert. denied*, 2023 WL 8462641 (Miss. Nov. 13, 2023)(table); *see also* [18-1], [18-3].  These state court proceedings, filed *after* the expiration of his federal statute of limitations, had no impact on the already-expired federal statute of

limitations. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitations period cannot be revived by filing a state habeas petition). Moreover, even if the Court had found that he had timely filed his petition or it stayed his petition under *Rhines*, this claim could not have formed the basis for habeas relief. *See Wansley*, 769 F.3d at 312 (confirming that petition for habeas corpus relief based on claim "that state courts are incorrectly applying their own law [regarding Mississippi parole statute] . . . is not a basis for [habeas] relief.").

III. CONCLUSION

Accordingly, for the reasons set forth in this R&R, the undersigned recommends that that this case be dismissed with prejudice, in its entirety, pursuant to 28 U.S.C. § 2244(d).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 19th day of February, 2024.

/s/ F. Keith Ball                    .
UNITED STATES MAGISTRATE JUDGE

5